# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| HAVENS, et al.,<br><br>   Appellants,<br> v.<br><br>MARITIME COMMUNICATIONS/<br>LAND MOBILE LLC,<br><br>   Appellee. | CIVIL ACTION NO. 1:13-cv-00173-SA<br>Lead Case<br>Consolidated with<br>1:13-cv-174-SA |

**AND**

| | |
|---|---|
| HAVENS, et al.,<br><br>   Appellants,<br> v.<br><br>MARITIME COMMUNICATIONS/<br>LAND MOBILE LLC,<br><br>   Appellee. | CIVIL ACTION NO. 1:13-cv-00180-SA<br>Consolidated with<br>1:13-cv-00181-SA<br>1:13-cv-00182-SA<br>1:13-cv-00183-SA<br>1:13-cv-00184-SA<br>1:13-cv-00190-SA<br>1:13-cv-00191-SA<br>1:13-cv-00192-SA<br>1:13-cv-00193-SA<br>1:13-cv-00194-SA |

**AGREED ORDER ADMINISTRATIVELY TERMINATING APPEALS
WITHOUT PREJUDICE, PROVIDING FOR REINSTATMENT OF APPEALS
ON NOTICE FILED BY APPELLANTS AND GRANTING RELATED RELIEF**

THIS MATTER having been considered by the Court at telephonic status conferences held on September 22, 2014 and March 2, 2015, and on the consent of the following parties: Appellants Warren Havens, Skybridge Spectrum Foundation, Verde Systems LLC (formerly called Telesaurus, VPC LLC), Environmental LLC (formerly called AMTS Consortium, LLC), Intelligent Transportation and Monitoring LLC, and Telesaurus Holdings GB LLC (collectively, the "SkyTel Parties" or "Appellants" ), by and through their counsel, Saiber LLC and Currie Johnson Griffin & Myers, P.A.; and Appellee, Maritime Communications/Land Mobile LLC

("Maritime" or the "Debtor"), by and through their counsel, Law Offices of Craig M. Geno, PLLC; and Choctaw Telecommunications, LLC ("Choctaw"), by and through its counsel Baker, Donelson, Beamer, Caldwell & Berwitz; for entry of this Order Administratively Terminating the above-captioned consolidated bankruptcy Appeals (collectively, the "Appeals") on a completely without prejudice basis, providing for reinstatement of these appeals at any time automatically and solely upon the filing of a Notice of Reinstatement of Appeals by Appellants (the "Notice of Reinstatement") and granting related relief; and it appearing that the following parties filed Notices of Intent to Participate in these Appeals: (i) Southern California Regional Rail Authority ("SCRRA"), by and through its counsel Watkins & Eager PLLC; (ii) the Official Committee of Unsecured Creditors (the "Committee") appointed in the Debtor's Bankruptcy Case and the Liquidating Agent (the "Liquidating Agent") appointed pursuant to the Debtor's First Amended Plan of Reorganization dated September 25, 2012, as amended (the "Plan"), by and through their counsel, Burr & Forman, LLP; (iii) Rappahannock Electric Cooperative ("REC"), by and through its counsel Lentz & Little, P.A.; (iv) Enbridge, Inc. ("Enbridge"), by and through its counsel, Lentz & Little, P.A.; (v) Dixie Electric Membership Corporation ("DEMC"), by and through its counsel Lentz & Little, P.A.; and (vi) National Rural Telecommunications Cooperative ("NRTC"), by and through its counsel, Brunini, Granthan, Grower & Hewes, PLLC (SCRRA, the Committee, the Liquidating Agent, REC, Enbridge, DEMC and NRTC are collectively referred to as the "Other Interested Parties").

**THE COURT HEREBY FINDS AND RULES AS FOLLOWS:**

1.  These Appeals were commenced by Notices of Appeal filed by the SkyTel Parties on September 16, 2013 with the Bankruptcy Court for the Northern District of Mississippi in the case entitled *In re Maritime Communications/Land Mobile, LLC* (Case No. 11-13463 – NPO) (the "Bankruptcy Case") and docketed with this Court as civil action numbers 1:13-cv-00173-SA and 1:13-cv-00174-SA, 1:13-cv-00180-SA, 1:13-cv-00181-SA, 1:13-cv-00182-SA, 1:13-cv-

00183-SA, 1:13-cv-00184-SA, 1:13-cv-00190-SA, 1:13-cv-00191-SA, 1:13-cv-00192-SA, 1:13-cv-00193-SA, and 1:13-cv-00194-SA.

2. These Appeals were consolidated by this Court's Order entered on September 12, 2014, Consolidating Appeals and Requiring Notice of Intent to Participate in Appeals under Civil Action No. 1:13-cv-00173-SA [Docket No. 245], and Civil Action No. 1:13-cv-00180-SA [66]. Subsequently, the Other Interested Parties filed Notices of Intent to Participate in these Appeals.

3. Appellants and Maritime (among other defendants) are parties to an action entitled *Warren Havens, et al. v. Maritime Communications/Land Mobile, LLC, et al.* filed in the United States District Court for the District of New Jersey (Civil Action No. 11-993 (KSH) (CLW) (the "New Jersey District Court Action").

4. An Order and Final Judgment was entered in the New Jersey District Court Action on September 2, 2014 (the "NJ District Court Judgment"). On September 25, 2014, the SkyTel Parties filed a Notice of Appeal of the N.J. District Court Judgment to the United States Court of Appeals for the Third Circuit (the "Third Circuit Appeal"), and subsequently filed a timely opening brief. The Third Circuit Appeal is pending.

5. Appellants, Maritime, Choctaw and certain of the Other Interested Parties are parties in interest in certain proceedings before the Federal Communications Commission ("FCC") relating to (among other things): the validity of Maritime's FCC Licenses (the "FCC Licenses"); the qualifications of Maritime to hold and own those FCC Licenses; and the attempted transfer of certain of those FCC Licenses by Maritime, as docketed under EB Docket No. 11-71 and WT Docket No. 13-85, among other proceedings (all such proceedings, whether or not specifically described above, shall be collectively referred to as the "FCC Proceedings").

6. The parties have agreed that these Appeals may be administratively terminated by the Court, on a completely without prejudice basis, provided that they are subject to automatic

reinstatement at any time solely upon the filing of a Notice of Reinstatement by Appellants or Appellees, all as more particularly set forth in this Agreed Order.

7. The form of this Agreed Order was previously provided to counsel for each of the Other Interested Parties, each of whom has advised that they have no objection to the entry of this Agreed Order, or as to its form or substance.

8. Good cause for the entry of this Agreed Order has been shown and due notice has been given;

**IT IS HEREBY ORDERED** as follows:

These Appeals are hereby administratively terminated on a completely without prejudice basis to any party. Without in any way limiting the generality of the foregoing, the administrative termination without prejudice of these Appeals will not in any way limit, modify, diminish, change or otherwise in any way affect the substantive, procedural or any other rights, remedies or arguments of any party to these Appeals, all of which are expressly reserved and preserved. It is the express intent of the Court and the parties to these Appeals that (i) this administrative termination without prejudice leaves the parties in the same substantive and procedural positions as if this administrative termination had not occurred and the Appeals proceeded in the normal course and (ii) the without prejudice nature of this administrative termination apply with equal force and effect to all other proceedings and actions involving the parties, including (without limitation) the New Jersey District Court Action, the Third Circuit Appeal and the FCC Proceedings. This administrative termination without prejudice will not result in the waiver or any other modification of any right, remedy or argument available to any of the parties to these Appeals, except that no party may assert or argue that any time lapse created by this administrative termination gives rise to: (i) the passing or lessening of any applicable deadline or time period for performing any act; (ii) the expiration of any applicable statute of limitations or statute of repose; (iii) the application of the doctrine of laches; or (iv) any

other time-related defense or argument; and it is

**FURTHER ORDERED** that these Appeals may be automatically reinstated at any time by any of the Appellants or Appellees, in their sole and absolute discretion, and without the showing of any cause, by the filing of a Notice of Reinstatement of Appeals by any Appellant or Appellee with this Court (the "Notice of Reinstatement").  No motion or other application shall be required to reinstate these Appeals, other than the filing of the Notice of Reinstatement and no party shall have any right to object to or otherwise challenge such automatic reinstatement.  Upon the filing of a Notice of Reinstatement, the Court will schedule a case management conference to address the briefing schedule in these Appeals and any other matters relevant to the further prosecution of these Appeals.  In the event that, notwithstanding the terms of this Agreed Order, any party objects to or otherwise challenges automatic reinstatement, the Court shall have discretion to consider applications for recovery of a party's attorney and other fees and costs in defending any such objection or challenge and any other relief the Court deems proper; and it is

**FURTHER ORDERED AND NOTED** that the parties to these Appeals have agreed, subject to this Court's approval, that the record on these Appeals may be supplemented by, and/or the Court may take judicial notice of, significant Orders and other developments with respect to:  (i) the New Jersey District Court Action or the Third Circuit Appeal; (ii) the FCC Proceedings; or (iii) other matters that the parties may later agree should be included as part of the record on these Appeals, and/or the Court may take judicial notice of, without prejudice to the rights of any party to file an appropriate application or motion seeking to supplement the record and/or have the Court take judicial notice of, in the absence of such later agreement.  At this time, the parties have agreed that the record in these Appeals should be supplemented with, and/or that the Court take judicial notice of, at a minimum, the following non-exclusive list of items:

(i) The Memorandum Opinion and Order, issued and released on June 17, 2014, by Chief Administrative Law Judge Richard L. Sippel in the FCC Proceedings (EB Docket No. 11-71);

(ii) The Opinion and Final Judgment entered on September 2, 2014 in the New Jersey District Court Action by District Judge Katharine S. Hayden;

(iii) Memorandum Opinion and Order adopted and released on September 11, 2014 by the FCC in the FCC Proceedings (WT Docket No. 13-85);

(iv) Joint Stipulation between the Enforcement Bureau and Maritime on Discontinuance of Operations of previously Stipulated Site – Based Facilities, submitted on September 11, 2014 in the FCC Proceedings (EB Docket No. 11-71) and the Order of the FCC Presiding Judge Richard Sipple accepting with qualifications this Joint Stipulation, FCC 14M-31 issued and released on October 9, 2014; and

(v) Order Denying Southern California Regional Rail Authority's Motion to Confirm Maritime Communications/Land Mobile, LLC's Authority to Assign License to Southern California Regional Rail Authority and For Other Relief by Judge Neil P. Olack, United States Bankruptcy Court, Northern District of Mississippi (Case No. 11-1346 – NPO);

;and it is

**FURTHER ORDERED** that, notwithstanding this administrative termination, jurisdiction as to these Appeals, including all Orders, issues and matters on appeal, remains with and is fully retained by this Court.

**SO ORDERED,** this the 16th day of April, 2015.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**

Submitted by:

/s/ Edward J. Currie. Jr.
Edward J. Currie, Jr., MSB No. 5546
CURRIE JOHNSON GRIFFIN & MYERS, P.A.
1044 River Oaks Drive (39232) - P.O. Box 750
Jackson, Mississippi 39205
Telephone: 601-969-1010/Facsimile: 601-969-5120
ecurrie@curriejohnson.com

and

/s/ Craig M. Geno
Craig M. Geno, MSB No. _____
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
Telephone: 601-427-0048/Facsimile: (601) 427-0050
cmgeno@cmgenolaw.com

Attorneys for Appellees
Maritime Communications/Land Mobile LLC

| | |
|---|---|
| Richard E. Weltman *(Admitted Pro Hac Vice)*<br>Saiber LLC<br>18 Columbia Turnpike – Suite 200<br>Florham Park, New Jersey 07932<br>Telephone: 973-622-3333/Facsimile: 973-622-3349<br>rweltman@saiber.com<br><br>Attorneys for Appellants SkyTel Parties | /s/ Timothy M. Lupinacci<br>Timothy M. Lupinacci, MSB No. _____<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>1400 Wells Fargo Tower - 420 20th Street North<br>Birmingham, AL 35203<br>Telephone: 205.244.3835/Facsimile: 205.488.3835<br>tlupinacci@bakerdonelson.com<br><br>Attorneys for Choctaw Telecommunications, LLC |
| /s/ Derek F. Meek<br>Derek F. Meek, MSB No. _____<br>Burr& Forman LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>Telephone: 205.458.5471/Facsimile: 205.458.5100<br>dmeek@burr.com<br><br>Attorneys for Official Committee of Unsecured Creditors of Debtor | /s/ Jim F. Spencer<br>Jim F. Spencer, MSB No. 7736<br>Watkins & Eager PLLC<br>P.O. Box 650<br>Jackson, MS 39205-0650<br>Telephone: 601.965.1900/Facsimile: 601.965.1901<br>jspencer@watkinseager.com<br><br>Attorneys for SCRRA |