IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WARREN HAVENS,                                                                    APPELLANTS
SKYBRIDGE SPECTRUM FOUNDATION,
VERDE SYSTEMS LLC, ENVIRONMENTAL LLC,
INTELLIGENT TRANSPORTATION & MONITORING LLC, and
TELESAURUS HOLDINGS GB LLC

V.                                                               CIVIL ACTION NO. 1:13-CV-180-SA

MARITIME COMMUNICATIONS/LAND MOBILE LLC                                           APPELLEE

ORDER

The Appellants in this case filed a number of appeals from the Bankruptcy Court regarding certain executory contracts and licenses. The appeals were consolidated into this lead case. *See* Order [66] consolidating 1:13-CV-180, 1:13-CV-181, 1:13-CV-182, 1:13-CV-183, 1:13-CV-184, 1:13-CV-190, 1:13-CV-191, 1:13-CV-192, 1:13-CV-193 and 1:13-CV-194.

The basis of the Appellants' claim and status in the bankruptcy case was the subject of a separate case in the United States District Court for the District of New Jersey. The New Jersey District Court dismissed the Appellants' claims. *See Havens v. Mobex Network Servs., LLC*, No. CIV. A. 11-993 KSH, 2011 WL 6826104 (D. N.J. Dec. 22, 2011), *aff'd*, 820 F.3d 80 (3d Cir. 2016) and *Havens v. Mar. Commc'ns/Land Mobile, LLC*, No. CIV. A. 11-993 KSH, 2014 WL 4352300 (D. N.J. Sept. 2, 2014), *aff'd sub nom. Havens v. Mobex Network Servs., LLC*, 820 F.3d 80 (3d Cir. 2016). The United States Court of Appeals for the Third Circuit affirmed the dismissal by the District Court, and the United States Supreme Court denied certiorari. *See Havens v. Mobex Network Servs., LLC*, 820 F.3d 80 (3d Cir.), *cert. denied*, *Havens v. Mobex Network Servs., LLC*, – U.S.–, 137 S. Ct. 496, 196 L. Ed. 2d 404 (2016).

In addition to the litigation in the Third Circuit, the Appellants were also involved in proceedings before the Federal Communications Commission related to the validity of the licenses at issue in the underlying bankruptcy case and the transfer of those licenses. Based on the information in the record, the Commission denied the relief requested by the Appellants, leaving them with no interest in the licenses in question. The Commission also denied the Appellants' request for reconsideration.

Appellee Maritime filed a Motion to Dismiss [92] arguing that the final adjudication of the Appellants' claims in both the Third Circuit and before the Commission leaves them with no claim or interest in the underlying bankruptcy case, and thus no standing to prosecute their appeals in this Court. In addition, the Appellants are now unrepresented by counsel. This Court entered an Order [96] granting the Appellants 30 days to procure new counsel and additional time to respond to the pending Motion to Dismiss. Individual Appellant Havens entered a notice of his intent to proceed *pro se* [99] and filed a Response [100] to the Motion to Dismiss.[1] Havens' Response essentially concedes that his claims were extinguished in the Third Circuit and before the Commission, but he argues that he may have some as-yet unexhausted avenues to challenge the Commission's rulings.

In appeals from bankruptcy court, the "appellant shoulders the burden of alleging facts sufficient to demonstrate that it is a proper party to appeal." *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015) (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)). "In ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations

---

[1] The corporate Plaintiffs, Skybridge Spectrum Foundation, Verde Systems LLC, Environmental LLC, Intelligent Transportation & Monitoring LLC, and Telesaurus Holdings GB LLC did not respond to the Court's Order directing them to inform the Court of their new representation, and failed to respond to the pending Motion to Dismiss. The Court determines that these parties have abandoned their appeal.

2

of the complaint, and must construe the complaint in favor of the complaining party." *Id.* at 366 (citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). The standard to determine whether a party has standing in bankruptcy court is the "person aggrieved" test. *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). "The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing." *Id.* This test "demands a higher causal nexus between act and injury; appellant must show that he was directly and adversely affected pecuniarily by the order of the bankruptcy court in order to have standing to appeal." *Id.* at 203. (internal quotation marks and citation omitted).

Applying this standard to the instant case, it is clear that the Appellants failed to carry their burden of demonstrating standing. In light of the decisions by the Third Circuit, the Supreme Court, and the Commission, as well as other evidence in the record, it appears that the Appellants have no claim in the underlying case and no proof of adverse pecuniary impact. Nor have they brought forth any contradictory evidence. With no claim in the underlying case, the Appellants lack standing to prosecute this appeal.

For these reasons, the Appellee's Motion to Dismiss [92] is GRANTED. This appeal is DISMISSED with prejudice, and this CASE is CLOSED.

SO ORDERED on this, the 14th day of June, 2017.

             /s/ Sharion Aycock
             UNITED STATES DISTRICT JUDGE