IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WARREN HAVENS                                                                                    APPELLANT

V.                                                                           CIVIL ACTION NO. 1:13-CV-180-SA

MARITIME COMMUNICATIONS/LAND MOBILE LLC                                        APPELLEE

ORDER

The Appellants in this case filed a number of appeals from the Bankruptcy Court regarding certain executory contracts and licenses. The appeals were consolidated into this lead case. *See* Order [66].

Now before the Court are two motions. First, the Appellee filed a Motion to Alter [115] an earlier judgment entered by the Court. Second, Appellant Warren Havens now proceeding *pro se* filed a Motion for Rehearing [116] under Federal Rule of Bankruptcy Procedure 8022 requesting that this Court overturn its earlier decision dismissing this appeal.

In its Motion to Alter [115], the Appellee requests that the Court alter its earlier order to make it clear that although Havens may proceed *pro se* on his personal behalf, he may not represent the previously dismissed corporate Appellants. The Court's earlier orders made it clear that the corporate Appellants previously involved in this case are dismissed for failing to retain counsel and for failing to comply with this Court's orders. *See* Orders [112, 96]. The record is also clear that individual Appellant Havens' subsequent motion for rehearing now before the Court was made on his personal behalf only and not on behalf of the now dismissed corporate Appellants. Although Havens may proceed *pro se*, the corporate Appellants may not. *See* Orders [112, 96]. Because the record and this Court's orders on this issue are clear, the Court finds no need to modify its earlier order as the Appellee requests.

As to Havens' Motion for Rehearing [116], the Court finds that Havens failed to raise any argument or evidence relevant to the substance of the Court's decision. The Court previously dismissed this appeal because Havens has no claim in the underlying case, no proof of adverse pecuniary impact, and no contradictory evidence. *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015); *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). Instead of addressing the substance of the Court's ruling, Havens merely reiterates his previous unavailing arguments, namely that he has a number of ancillary claims with the Federal Communication Commission. The Court already fully addressed the merits of these arguments.

Federal Rule of Bankruptcy Procedure 8022 states, in relevant part: "The motion [for rehearing] must state with particularity each point of law or fact that the movant believes the district court [. . .] has overlooked or misapprehended and must argue in support of the motion. FED. R. BANKR. P. 8022(a)(2). In the instant motion, Havens wholly fails to state with particularity any point of law this Court overlooked or misapprehended, and fails to raise any question as to "whether the Court would have reached a different result had it been aware of its mistaken use of facts or law." FED. R. BANKR. P. 8022(a)(2); *In re Coleman*, No. ADV 14-1046, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015) (citing *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (9th Cir. 2003). Because Havens' motion is without merit and fails to comply with the requirements of Rule 8022, it is denied.

For all these reasons, the Appellee's Motion to Alter [115] is DENIED.

The Appellant's Motion for Rehearing [116] is DENIED.

SO ORDERED on this, the 3rd day of October, 2017.

             /s/ Sharion Aycock
             UNITED STATES DISTRICT JUDGE